IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | NO. 3:21-CR-00054-N |
| v. | |
| DANIEL REY SETTLE<br>a.k.a. "POLO" | |

## GOVERNMENT'S OPPOSITION TO DEFENDANT'S
## MOTION FOR PRE-PLEA PRESENCE INVESTIGATION

The United States of America opposes defendant Daniel Rey Settle's August 27, 2021 Motion for Pre-Plea Presentence Investigation. (Dkt. 22.) The motion should be denied for multiple reasons. First, a pre-plea presentence report ("PSR") may lead to expectations about a guideline sentencing range that could vary considerably from that ultimately used by the Court at sentencing, resulting in potential claims regarding the voluntariness of Settle's guilty plea, should there be one. Relatedly, the preparation and disclosure of a pre-plea PSR by U.S. Probation ("Probation"), an arm of the Court, may place the Court at odds with Rule 11(c)(1) of the Federal Rules of Criminal Procedure, which prohibits the Court's participation in plea negotiations, to the extent that Settle intends to use the pre-plea PSR in assessing whether to plead guilty. Finally, to grant Settle's motion would set an untenable precedent for an already overburdened Probation office.

### Background

On January 15, 2021, Settle was arrested by Dallas Police Department officers on suspicion of sex trafficking Adult Victim 1 ("AV1") and was taken into Dallas County

**Government's Opp. To Def. Motion for Pre-Plea PSR—Page 1**

custody. On January 20, 2021, while in Dallas County custody, Settle was charged by federal criminal complaint with a violation of 18 U.S.C. § 1591(a) and (b)(1), that is Sex Trafficking through Force, Fraud, or Coercion. The complaint affidavit alleged that Settle was trafficking AV1. On February 2, 2021, the grand jury for the Northern District of Texas returned an indictment, charging Settle with one count of Sex Trafficking, in violation of 18 U.S.C. § 1591(a)(1) & (b)(1). (Dkt. 11.)

On February 1, 2021, Settle made his initial appearance on the complaint before the Honorable Magistrate Judge Renee Harris Toliver. (Dkt. 4.) At the initial appearance, upon request of the government, Judge Toliver ordered that Settle not communicate with AV1, the victim identified in the complaint and the indictment. (*Id.*)

Since Settle has been in custody awaiting trial on the above-described sex trafficking charge, he has been in near-daily contact with AV1 via telephone, email, and text message as, the government believes, part of a larger campaign to influence and prevent the testimony of AV1. As a result, on May 4, 2021, the grand jury for the Northern District of Texas returned a superseding indictment, charging Settle with Sex Trafficking, in violation of 18 U.S.C. § 1591(a)(1) and (b)(1) and Obstruction, in violation of 18 U.S.C. § 1591(d). (Dkt. 19.)

## Argument

Although Rule 32 of the Federal Rules of Criminal Procedure appears to permit the preparation and disclosure of a PSR before a defendant has been adjudicated guilty (s*ee* Fed. R. Crim. P. 32(e)(1)), doing so here would introduce unnecessary concerns regarding the Court's participation in the plea negotiation process and the ultimate

voluntariness of Settle's guilty plea, should there be one. Further, granting Settle's request would saddle Probation with preparing a PSR for a defendant who has yet to be found guilty, sapping Probation of its already limited bandwidth, which is better used on defendants who have been adjudicated guilty, and creating unsustainable precedent in the process.

Settle asserts "there is no way for Defendant's counsel" to determine Settle's applicable sentencing guideline range and that he is requesting a pre-plea PSR to "ascertain" his guideline range because of "lack of clarity." (Dkt. 22.) There is no indication in Settle's motion that he has exhausted the publicly available resources offered by the U.S. Sentencing Commission, including the help line, or those offered informally by Probation and its duty officers. Instead, Settle, who has yet to take responsibility for his actions, attempts to shortcut the process by placing the onus of calculating his potential exposure on Probation.

[No further information on this page.]

## Conclusion

For the reasons set forth above, the government respectfully requests that the Court deny Settle's motion.

Respectfully submitted,

PRERAK SHAH
ACTING UNITED STATES ATTORNEY

*/s/ Andrew J. Briggs*
Myria Boehm
Texas Bar No. 24069949
Andrew J. Briggs
California Bar No. 294224
Assistant United States Attorneys
1100 Commerce Street, Third Floor
Dallas, Texas 75242-1699
Telephone: 214-659-8600
Facsimile: 214-659-8800
Email: andrew.briggs@usdoj.gov

## CERTIFICATE OF SERVICE

  I hereby certify that on September 17, 2021, I electronically filed the foregoing document with the clerk for the United States District Court, Northern District of Texas, using the electronic case filing system of the court. The electronic case filing system will send a "Notice of Electronic Filing" to the attorney of record who has consented in writing to accept this Notice as service of this document by electronic means.

             */s/ Andrew J. Briggs*
             Andrew J. Briggs
             Assistant United States Attorney