UNITED STATES of AMERICA

v.	No. 3:21-CR-00054-N

DANIEL RAY SETTLE

## MOTION TO DISMISS

To the Honorable Judge, United States District Court for the Northern District of Texas:

Comes now the defendant, Daniel Ray Settle, in the above styled and numbered cause, pursuant to Rule 48(b) Federal Rule of Criminal Procedure, Rule 12(b) Federal Rule of Criminal Procedure, and 18 USC. § 3161(c)(1), and files this Motion to Dismiss Count (1) one of the indictment.

### I
### MOTION

The defendant, with all due respect, moves the court to dismiss count (1) one of the indictment.

### II
### Brief

In support of this Motion to Dismiss, the defendant would show as follows:

1.) Mr. Settle was indicted on Count (1) one

on 2/2/2021. According to U.S. v. Lopez-Valenzuela, 511 F.3d 487 (5th Cir 2007), it is held that "While a not guilty plea is a prerequisite for a Speedy Trial Act violation, the start date remains either the date of indictment or first appearance, whichever is later." Therefore, even though Mr. Settle waived his appearance at arraignment on 3/9/2021, the Speedy Trial clock begins on the date of indictment.

2.) 82 (eighty-two) unexcluded days elapsed by 4/26/2021, the date the first motion to continue was filed by the Attorney for the Government.

3.) The filing of a superseding indictment does not affect the Speedy Trial clock for offenses charged in the original indictment, or any offense required under double jeopardy principles to be joined with the original offenses. The 70 day Speedy Trial period continues to run from the date of the original indictment or arraignment, and all Speedy Trial exclusions apply as if no superseding indictment had been returned. This rule prevents the Government from circumventing the Speedy Trial guarantee by obtaining superseding indictments with minor corrections. (U.S. v. Bermea 30 F.3d 1539, 1567 [5th Cir 1994]) (U.S. v. Alford 142 F.3d 825, 829-30 [5th Cir 1998])

4.) The Pretrial Motion deadline does not apply to this motion. U.S.C. §3162(a)(2) clearly states that

"failure of the defendant to move for dismissal prior to trial or entry of plea of guilty or nolo contendere shall constitute a waiver of the right to dismissal under this section." Therefore, the deadline for this motion is the day trial begins or a plea of guilty or nolo contendere is entered. See also (Zedner v. U.S., 547 U.S. 489, 500-03, 126 S.Ct. 1976, 164 LEd 2d 749 [5th Cir. 2006])

    The defendant also begs the court to consider if the Attorney for the Government has "willfully failed to proceed to trial without justification consistent with 18 U.S.C. §3161" as outlined in 18 U.S.C. §3162(b), the punishment for which is found under §3162(b)(C) and/or §3162(b)(D).

    Therefore, foregoing criteria considered, it is clear that the law dictates that count(1) one of the indictment be dismissed. The defendant humbly and respectfully prays that this Honorable Court dismisses count(1) one of the indictment with prejudice, as to prevent further sapping of the resources of an already overburdened judicial system.

Respectfully Submitted,

_[signature]_ 3/30/22

Daniel Settle
2113 N Highway 175
Seagoville, TX 75159
Defendant


## Certificate of Service

I certify under penalty of perjury that this motion to dismiss was mailed to and filed with the Clerk of the United States District Court, to be electronically scanned and served to council of record on 3/30/22.

/s/ [signature]
Daniel Settle
Defendant

Name Daniel Settle
Reg. No. 27983-509
FEDERAL CORRECTIONAL INSTITUTION
P.O. Box 9000
Seagoville, TX 75159-9000

Frank

United States District Court
Office of the Clerk
Northern District of Texas
1100 Commerce St, Room 1452
Dallas, TX 75242-1310

75242-131052

APR - 7 2022