UNITED STATES DISTRICT COURT

NORTHEN DISTRICT OF TEXAS

DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| v. § | 3:21-cr-00054-N |
| § | |
| DANIEL SETTLE § | |

MOTION TO DISMISS

To the Honorable David Godby, United States District Judge, for the Northern District of Texas:

Comes now the Defendant, Daniel Ray Settle, in the above styled and numbered cause, pursuant to Rule 48(b), Federal Rules of Criminal Procedure, Rule 12(b), Federal Rules of Criminal Procedure, and 18 USC § 3161(c)(1), and files this Motion to Dismiss count (1) of the indictment.

I

MOTION

The Defendant, with all due respect moves the Court to dismiss count (1) of the indictment.

II

BRIEF

In support of this Motion to Dismiss, the Defendant would show as follows:

1.) Mr. Settle was indicted on count (1) one on 2/2/2021. According to U.S. v. Lopez-Valenzuela, 511 F.3d 487 (5th Cir 2007), it is held that "while a not

        guilty pleas is a prerequisite for a Speedy Trial Act Violation, the start date remains either the date of indictment or first appearance, whichever is later." Therefore, even though Mr. Settle waived his appearance at arraignment on 3/9/2021, the Speedy Trial clock begins on the date of indictment.

2.) 82 (eighty-two) un-excluded days elapsed by 4/26/2021, the date the first motion to continue was filed the Attorney for the Government.

3.) The filing of a superseding indictment does not affect the Speedy Trial clock for offenses charged in the original indictment, or any offense required under double jeopardy principles to be joined with eh original offenses. The 70 day Speedy Trial period continues to run from the date of the original indictment or arraignment, and all Speedy Trial exclusions apply as if no Superseding indictment had been returned.  This rule prevents the Government from circumventing the Speedy Trial guarantee by obtaining superseding indictments with minor corrections.  (U.S. v. Bermea, 30 F. 3d 1539, 1567 [ 5th Cir. 1994]) (U.S. v. Alford, 142 F.3d 825, 829-30 [5th Cir 1998])

4.) The Pretrial motion deadline does not apply to this motion. U.S.C. §3162(a)(2) clearly states that "failure of the defendant to move for dismissal <u>prior to trial or entry of plea of guilty or nolo contendere</u> shall constitute a waiver of the right to dismissal under this section."  Therefore, the deadline for this motion is the day trial begins or a plea of guilty or nolo contendere is entered.  See also (Zedner v. U.S., 547 U.S. 489, 500-03, 126 S. Ct. 1976, 164 L. Ed 2d. 749 [5th Cir. 2006])

The Defendant also begs the Court to consider if the Attorney for the

>Government has "willfully failed to proceed to trial without justification consistent with 18 U.S.C. § 3161" as outlined in 18 U.S.C. § 3162(b), the punishment for which is found under § 3162(b)(C) and/or § 3162(b)(D).

Therefore, forgoing criteria considered, it is clear that the law dictates that count (1) one of the indictment be dismissed. The Defendant humbly and respectfully prays that this Honorable Court dismiss count (1) one of the indictment with prejudice, as to prevent further sapping of the recourses of an already overburdened judicial system.

>Respectfully submitted,
>
>/s/ *Mark Watson*
>Mark Watson
>on behalf of Daniel Settle
>State Bar No. 20954800
>5851 McCommas
>Dallas, TX  75206
>214-912-8181
>mark@mwatson.com

Certificate of Conference

I do hereby certify that I have emailed a copy of this Motion to Ms. Boehm. Ms. Boehm objects to the Court granting this motion.

*/s/  Mark Watson*
*Mark Watson*
*Attorney for Defendant*
SBOT 20954800
5851 McCommas Blvd
Dallas, TX  75206
214-912-8181
mark@mwatson.com

<u>Certificate of Service</u>
On this 10/26/22, I have caused to be delivered to Ms. Myria Boehm a copy of this motion by efiling and email in the Northern District of Texas and by email.

*/s/ Mark Watson*
*Mark Watson*
*Attorney for Defendant*