```
                    IN THE UNITED STATES DISTRICT COURT
                   FOR THE NORTHERN DISTRICT OF TEXAS
                            DALLAS DIVISION

UNITED STATES OF AMERICA,      )   Case No. 3:21-cr-00054-N-1
                               )
        Plaintiff,             )
                               )   Dallas, Texas
V.                             )   March 30, 2022
                               )   9:30 a.m.
DANIEL REY SETTLE,             )
                               )   DEFENDANT'S REQUEST FOR
        Defendant.             )   TERMINATION OF COUNSEL (#45)
                               )
```

                        TRANSCRIPT OF PROCEEDINGS
               BEFORE THE HONORABLE IRMA CARRILLO RAMIREZ,
                    UNITED STATES MAGISTRATE JUDGE.

APPEARANCES:

For the Government:        Andrew J. Briggs
                           UNITED STATES ATTORNEY'S OFFICE
                           1100 Commerce Street, Third Floor
                           Dallas, TX  75242
                           (214) 659-8600

For the Defendant:         Anthony Paul Eiland
                           REDMOND & EILAND, PLLC
                           1910 Pacific Avenue, Suite 5050
                           Dallas, TX  75201
                           (469) 301-2400

Recorded by:               Marie Gonzales
                           UNITED STATES DISTRICT COURT
                           1100 Commerce Street
                           Dallas, TX  75242-1003
                           (214) 753-2167

Transcribed by:            Kathy Rehling
                           311 Paradise Cove
                           Shady Shores, TX  76208
                           (972) 786-3063

          Proceedings recorded by electronic sound recording;
            transcript produced by transcription service.

1          DALLAS, TEXAS - MARCH 30, 2022 - 10:32 A.M.

2          THE CLERK:  All rise.

3          THE COURT:  Good morning.  Please be seated.  All

4  right.  We are here in the matter of United States versus

5  Daniel R. Settle.  This is Case 3:21-cr-54-N.  And before the

6  Court this morning is the Defendant's Request for Termination

7  of Counsel.

8     Would counsel please make their appearances for the

9  record?

10          MR. BRIGGS:  Good morning, Your Honor.  Andrew Briggs

11  for the United States.

12          MR. EILAND:  Anthony Eiland for the Defendant, Your

13  Honor.

14          THE COURT:  All right.  Mr. Eiland, have you had a

15  chance to read your client's filing?

16          MR. EILAND:  Yes, Your Honor.  I have.

17          THE COURT:  All right.  How would Mr. Settle like to

18  proceed on this matter?

19          THE DEFENDANT:  Your Honor, I would like to --

20          THE COURT:  Oh, hold on.

21          THE DEFENDANT:  Oh, yes, ma'am.

22          THE COURT:  Why don't you have a seat first.

23          THE DEFENDANT:  Yes, ma'am.

24          THE COURT:  I was actually asking your attorney.

25          THE DEFENDANT:  Oh, you were?  I apologize.  I

1   apologize.

2           THE COURT:  And I'm going to ask you to remain

3   seated.  For purposes of our proceeding today, I'm going to

4   ask the parties to remain at counsel table to maintain social

5   distancing so we're not sharing the microphone at the podium.

6           THE DEFENDANT:  Yes, ma'am.

7           THE COURT:  Because the microphones are on counsel

8   table, if you remain seated you're closer to the microphone.

9   Please speak up into them.  It is hard to get a good recording

10  with the masks on.

11     All right.  Mr. Settle, you do have an attorney.  You are

12  not allowed what we call hybrid representation, where your

13  attorney files some things and you file some things.  So the

14  Court was not required to accept your letter.

15          THE DEFENDANT:  Yes, ma'am.

16          THE COURT:  My questions are directed to Mr. Eiland

17  at this point.  I'll get back to you.  But Mr. Eiland, have

18  you had a chance to discuss the letter with your client?

19          MR. EILAND:  No, Your Honor, I haven't had an

20  opportunity to discuss it.  I think it was just filed a few

21  days ago.  So, but to answer your question, no.

22          THE COURT:  All right.  Are you seeking to withdraw

23  as a result of the letter?

24          MR. EILAND:  Your Honor, I have -- I don't -- to be

25  honest, I don't know what else to do in this case.  We have

1  gone back and forth.  Most everything that Mr. Settle has

2  asked me to do, I have -- I have done or attempted to do on

3  his behalf.

4       (Microphone adjusted.)

5            MR. EILAND:  Oh, yes.  Okay.  Everything that he's,

6  you know, asked me to do, I've either done or attempted to do

7  on his behalf.  This case has a lot of material that has

8  required a lot of my attention.

9        And I know part of the frustration that Mr. Settle has is

10 that I had to file some motions for continuance in the case.

11 And the reason for that is because we were receiving updated

12 discovery, and that discovery were, you know, calls that I had

13 to listen to and to make sure that, you know, especially for

14 the basis of this particular charge, I had to make sure that

15 nothing in there was damaging to my, you know, to our case.

16 And that was part of the frustration that I know Mr. Settle

17 had.

18       So, I mean, I don't know what else I could have done that

19 was different, you know, done differently in this case in

20 order to appease Mr. Settle, but I know I have to, in order to

21 go to trial on the case, be prepared and make sure that I know

22 every nuance of my case.  And so I refused to proceed to trial

23 on the case, not knowing all of the information that's out

24 there.

25            THE COURT:  Just to be sure that I understand, are

1  you -- are you seeking to withdraw?  And I'm sorry to be

2  obtuse, but I think it's better to have it clear on the

3  record.

4          MR. EILAND:  As far as withdrawing from the case, I'm

5  not seeking to withdraw.  But if the -- if the differences

6  that Mr. Settle and I -- are differences that cannot be, you

7  know, ironed out here today, then, you know, I don't think

8  that there is any way that I can competently move forward

9  without having Mr. Settle's participation in this matter.

10         THE COURT:  Well, it really would have been helpful

11 to have you had visited with him before the proceeding, as

12 opposed to me having to recess the proceeding to allow you to

13 talk to your client in the middle of the hearing that I set on

14 this.

15         MR. EILAND:  Well, I will say this also, Your Honor.

16 Mr. Settle and I have, even though I haven't discussed this

17 with him since he filed this particular motion, I already know

18 what his frustrations are and I know what his complaints are.

19         THE COURT:  Okay.

20         MR. EILAND:  And, you know, and that's all I can

21 really offer in this case.  Because even if I speak to him, I

22 know what he's going to say.  He's going to tell me, well,

23 he's frustrated with the fact that we haven't gone to trial.

24 And I'm going to say the same thing that I said before:  I'm

25 not going to go to trial if I don't have -- if I have not had

1   an opportunity to review all of the discovery.  Because we're

2   still receiving discovery in this case, or at least I had

3   received discovery just a few weeks ago.

4       And so it's just been an ongoing process.  And it's a lot

5   of discovery that I have to listen to.  And so there is no way

6   that I can conceivably just proceed to trial, not knowing

7   what's on some of those calls.

8           THE COURT:  Well, Mr. Settle, do you understand that

9   if a new attorney is appointed, that new attorney is going to

10  have to start from scratch and re-review or review all of the

11  discovery in this case, which could delay your case even

12  further?  I just want to be sure you understand that.  It's

13  your choice.

14          THE DEFENDANT:  Yes, Your Honor.

15          THE COURT:  You understand that a new attorney would

16  have to be prepared, and in order to prepare that could

17  conceivably mean that the attorney needs additional time in

18  order to prepare?

19          THE DEFENDANT:  Yes, Your Honor.  I understand.  And,

20  I mean, not -- not to waste anybody's time here or anything

21  like that, but, you know, I mean, quite frankly, ma'am, I've

22  been incarcerated for almost a year and a half now, and I've

23  been pushing my attorney to -- to go to trial since January

24  20th of last year.  You know.  And -- and, I mean, I -- like I

25  said, I don't want to waste anybody's time.  I know

1   everybody's time here is very valuable, and I respect

2   everybody's time here in the Court.

3       I wouldn't -- I wouldn't be opposed to discussing some

4   things with my attorney, but it's like he said, I mean, I've

5   -- I've made several things very clear to him already, and I

6   just, I mean, to be honest, I just feel like, you know, I've

7   kind of been put on the back burner.  And, you know, it's

8   frustrating to me.  I have children.  You know, I have

9   children that are -- they ask me when I'm coming home every

10  time I talk to them.  You know what I mean?  And I've been

11  locked up for quite a long time already, ma'am.

12          THE COURT:  All right.  Well, you're not wasting

13  anybody's time.  This is -- this is your life, it's your

14  freedom that we're here on or that's at stake here.

15          THE DEFENDANT:  Thank you, Your Honor.

16          THE COURT:  So these are your decisions to make.  Any

17  questions I ask you are only designed to ensure that you

18  understand all of the potential consequences so that you can

19  make the most informed decision for yourself.

20          THE DEFENDANT:  Yes, Your Honor.

21          THE COURT:  And you've asked for a new attorney.  As

22  I understand it, part of the issue or part of the reason that

23  you want a new attorney is because you haven't gone to trial

24  yet and your attorney has asked for continuances in order to

25  review additional evidence that's been produced.  And I'm just

1   pointing out that a new attorney starting would have to review

2   all of that evidence and might not be -- I'm looking here to

3   see when your trial is set -- but that the new attorney would

4   also need time to review everything that Mr. Eiland has

5   already reviewed, and that it could result in further delay.

6   I just want you to know that.  Again, your choice.  Your call.

7   I just want to make sure that you've considered that

8   possibility.

9         Let's see.  The case was set for trial back in February.

10  Okay.  It's set for trial on April 18th.  Is that correct?

11                THE DEFENDANT:  My first time hearing that.

12                MR. EILAND:  Yes, Your Honor.

13                THE COURT:  Mr. Biggs, is that your understanding of

14  the trial setting?

15                MR. BRIGGS:  Yes, Your Honor.  It's set for April

16  18th.

17                THE COURT:  All right.  And attorneys, is this

18  expected to go that day?

19                MR. BRIGGS:  The Government will be ready on that

20  day, subject to whatever happens here and whatever sort of

21  proceedings that may occur after this hearing.  But we will be

22  ready on April 18th.

23                THE COURT:  Okay.  So that's 19 days away.  How much

24  discovery are we talking about?

25                MR. BRIGGS:  Your Honor, Mr. Eiland is correct when

1  he says that the Government continues to produce discovery.

2  The reason we continue to produce discovery is because the

3  Defendant continues to communicate with the victim and he's

4  generating discovery himself, to the tune of hours and hours

5  of jail calls.  Mr. Eiland was not exaggerating that there are

6  hours of jail calls.

7       THE COURT:  All right.  And I know that you cannot

8  give me an exact number.  Can you give me an estimate of the

9  amount of discovery that a new attorney would have to review?

10 If we're talking hours and hours of jail calls, approximately

11 how many hours?

12      MR. BRIGGS:  Boy.  Maybe twenty hours.

13      THE COURT:  Okay.  How about documentation?  How much

14 --

15      MR. BRIGGS:  It's not a document-heavy case.  There

16 is body-worn camera footage.  There are some documents, in

17 terms of cell phone records.  There are recorded interviews,

18 recorded statements.  By and large, the heaviest lift is going

19 to be the jail calls.

20      THE COURT:  Okay.  So, you have the facts before you,

21 Mr. Settle.  You've heard what's outstanding.  You've got a

22 trial date in 19 days.  It could very well be very difficult

23 for a new attorney to step in and be ready for trial on April

24 18th.  I'm not saying it can't be done.  I'm just saying it

25 looks difficult from where I'm sitting.

1        Is the timing the only issue you've had with Mr. Eiland,

2    or does it go beyond that?  And you don't have to go into

3    conversations.  I just, I'm asking generally:  Is it about not

4    going to trial yet, or is it more?

5            THE DEFENDANT:  I mean, that's part of it.  There are

6    some other things that -- there are some other issues as well.

7    Yes, ma'am.

8            THE COURT:  All right.  Well, now you have everything

9    in front of you.  What would you like to do?  Do you still

10   want a new attorney?

11           THE DEFENDANT:  Yes, Your Honor.

12           THE COURT:  Even though you understand that could

13   push back your trial date even further?

14           THE DEFENDANT:  Yes, Your Honor.

15           THE COURT:  All right.  Mr. Eiland, thank you for

16   accepting this appointment.  I know that you did not have to

17   accept it.  But you are hereby relieved of your duties of

18   representation in this case, with the thanks of the Court for

19   accepting an appointment.

20           MR. EILAND:  Yes, Your Honor.

21           THE COURT:  And I am going to appoint a new attorney

22   to represent you.  It'll take me a day or two to get somebody

23   on the case.  We'll try and move it as fast as we can.  And

24   Mr. Settle, then you'll have a new attorney.

25       Now, remember, you're entitled to effective representative

1  of counsel.  You're not entitled to an attorney who's going to

2  agree with your position.

3          THE DEFENDANT:  Yes, Your Honor.

4          THE COURT:  Your attorney has a duty not just to you

5  but to the Court, and ethical obligations that must be

6  fulfilled.  So while I understand that you prefer to have

7  another attorney, just remember you can't keep asking for a

8  new attorney until you get one that agrees with you.

9          THE DEFENDANT:  Yes, Your Honor.  I understand.

10          THE COURT:  Okay.  Anything else we should address,

11  Mr. Eiland?

12          MR. EILAND:  Nothing from me, Your Honor.

13          THE COURT:  Mr. Briggs?

14          MR. BRIGGS:  No, thank you, Your Honor.

15          THE COURT:  Good luck to you, sir.

16          THE DEFENDANT:  Thank you, ma'am.

17          THE COURT:  We are adjourned.

18          THE CLERK:  All rise.

19       (Proceedings concluded at 10:45 a.m.)

20                              --oOo--

21                            CERTIFICATE

22      I certify that the foregoing is a correct transcript from the
   electronic sound recording of the proceedings in the above-entitled matter.

23
      **/s/ Kathy Rehling**                          **01/16/2023**

24
   _____          _____

25  Kathy Rehling, CETD-444                                  Date
   Certified Electronic Court Transcriber

INDEX

PROCEEDINGS                                                              2

WITNESSES

    -none-

EXHIBITS

    -none-

RULINGS                                                                  10

END OF PROCEEDINGS                                                       11

INDEX                                                                    12