THE UNITED STATES DISTRICT COURT
FOR THE NOTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § § | |
| v. | § § | NO. 3:21-cr-00054-N |
| DANIEL REY SETTLE | § § | |

### DEFENDANT DANIEL REY SETTLE'S PRETRIAL MOTION TO EXCLUDE TESTIMONY RELATED TO JUDGE TOLIVER'S ORAL ORDER

**TO THE HONORABLE UNITED STATES DISTRICT COURT CHIEF JUDGE DAVID C. GODBEY:**

**COMES NOW, DANIEL REY SETTLE,** Defendant in the above styled and numbered cause and files his motion seeking to exclude testimony related to Judge Toliver's oral order to Mr. Settle and would show the Court as follows:

### I.  BACKGROUND

Count two of the fourth superseding indictment charges Mr. Settle with obstruction of an official proceeding in violation of 18 USC 1512(c)2. The government alleges that Mr. Settle corruptly obstructed influenced and attempted to impede this proceeding by 'Communication" by regularly communicating with AV1 to influence the testimony of AV1. At his initial appearance Daniel Settle was ordered by Judge Tolliver not to contact AV1.

> THE COURT: Mr. Settle, you are ordered not to reach out to or make any contact with the alleged victim in this case.

> THE COURT: Whether the potential victim wants you to contact her or not, you are ordered not to. So just to be clear, you are ordered not to make any contact.

## II.     SETTLE'S OBJECTION TO THE COURT'S ORDER

As an initial matter Settle objects to the Court's order in its entirety. The Court's inherent authority to control its proceedings is not a constitutionally sufficient basis to impose restrictions on Settle's communication without a hearing and notice. The government requested an admonition not an order. Furthermore, the restriction, the restriction imposed in this was overbroad because it prevented Settle from communicating regarding anything as opposed to communication regarding the case. At the time of the order Settle had waived his right to the detention hearing. The oral order was not reduced to writing and Settle was denied his right to appeal the order.

AV1 desired to communicate with Mr. Settle and did not express that she did not desire to communicate with Mr. Settle either to Judge Toliver or to the government. AV1 has been clear that her entry into commercial sex was a choice that she made. Judge Toliver's order was not reduced to writing nor was Mr. Settle afforded written notice that the government would seek the order nor an opportunity to present evidence on the issue. At the time of the order Settle had waived his right to the detention hearing. *See Ex. A*

## III.    FEDERAL RULES OF EVIDENCE GENERALLY PROHIBIT JUDICAL TESTIMONY BY THE PRESIDING JUDGE

Finally, notwithstanding the lack of sufficient due process surrounding the order and the government's overreaching conduct which is addressed separately in Settle's Amendment Motion to Dismiss and Motion to Reconsider Dismissal with Prejudice both of which are incorporated herein by reference.

"It is well known . . . that juries are highly sensitive to every utterance by the trial judge, the trial arbiter . . . ."[1] This is especially true where the judge's remarks are directed to the defendant.[2] The Federal Rules of evidence recognize the prejudicial impact of the admission of judicial testimony in Federal Rule of Evidence 605 which provides that "The presiding judge may not testify as a witness at the trial. A party need not object to preserve the issue"[3]

Allowing a case agent to testify as to the statements of Judge Toliver is allowing Judge Toliver to testify in violation of Federal Rule of Evidence 605. Even if it did not violate Federal Rule of Evidence 605, it would certainly violate Federal Rule of 403. Jurors would surmise that (a) that Judge Toliver believed that Settle was guilty of sex trafficking (b) that Judge Toliver needed to act against Settle (b) that Judge Toliver determined that AV1 was in fact a "victim" (c) that AV1 did not want to have contact with Settle. In short, why would the Judge order Settle not to contact AV1 if he had not done something to warrant such an order because admission of such evidence would unfairly prejudice Mr. Settle. Mr. Settle requests that the Court **GRANT** this motion.

---

[1] *Bursten v. United States, 395 F.2d at 983.*
[2] *See U.S. v. Middlebrooks, 618 F.2d 273, 277 (5th Cir. 1980).*
[3] *See Fed. R. Evid. 605.*

**WHEREFORE PREMISES CONSIDERED,** the Defendant prays this motion to exclude testimony related to Judge Tolliver's Admonition be GRANTED.

Respectfully submitted,

*/s/Russell Wilson II*
RUSSELL WILSON II
Texas State Bar No. 00794870
The Law Offices of Russell Wilson II
1910 Pacific Ave. Suite 12050
Dallas, Texas 75201
469-573-0211
972-704-2907 (FAX)
russell@russellwilsonlaw.com
Attorney for Defendant
**DANIEL REY SETTLE**

## CERTIFICATE OF SERVICE

This is to certify that on September 25, 2023, a true and correct copy of the above and foregoing document was served on all parties via ECF.

*/s/Russell Wilson II*
RUSSELL WILSON II

```
                IN THE UNITED STATES DISTRICT COURT
               FOR THE NORTHERN DISTRICT OF TEXAS
                          DALLAS DIVISION

UNITED STATES OF AMERICA      (  CAUSE NO. 3:21-CR-054-N
                              )
vs.                           (  FEBRUARY 1, 2021
                              )  DALLAS, TEXAS
DANIEL RAY SETTLE             (  9:00 A.M.
```

**EXHIBIT A**

                         INITIAL APPEARANCE

             BEFORE THE HONORABLE RENEE HARRIS TOLIVER
                  UNITED STATES MAGISTRATE JUDGE

                         A P P E A R A N C E S

```
FOR THE GOVERNMENT:    U.S. ATTORNEY'S OFFICE
                       1100 COMMERCE, THIRD FLOOR
                       DALLAS, TEXAS  75202
                       (214) 659-8600
                       BY: MR. ANDREW BRIGGS

FOR THE DEFENDANT:     REDMOND & EILAND, PLLC
                       1910 PACIFIC AVE., SUITE 5050
                       DALLAS, TEXAS  75201
                       (469) 301-2400
                       BY:  MR. ANTHONY EILAND

OFFICIAL REPORTER:     SHAWN M. McROBERTS, RMR, CRR
                       100 E. HOUSTON STREET
                       MARSHALL, TEXAS  75670
                       (903) 923-8546
```

1          THE COURT:  So the Court calls Case No. 3:21-MJ-51,
2    United States of America versus Daniel Ray Settle.
3          MR. BRIGGS:  Good morning, Your Honor.  Andrew
4    Briggs for the United States.
5          THE COURT:  Good morning.
6          MR. EILAND:  Good morning, Your Honor.  Anthony
7    Eiland for the Defendant.
8          THE COURT:  Good morning.
9      Sir, are you Mr. Settle?
10         THE DEFENDANT:  Yes, ma'am.
11         THE COURT:  Mr. Settle, will you state your full
12   name, please?
13         THE DEFENDANT:  Daniel Ray Settle.
14         THE COURT:  Mr. Settle, you have the right to remain
15   silent.  You are not required to make a statement.  If you've
16   already made a statement you don't have to say anything more,
17   and if you start to make a statement you have the right to
18   stop at any time, but any statement you make may later be used
19   against you, sir.  Do you understand that?
20         THE DEFENDANT:  Yes, Your Honor.
21         THE COURT:  You also have the right to an attorney
22   to represent you throughout the proceedings in this case, and
23   you have the right to have an attorney appointed to represent
24   you if you are unable to obtain an attorney.  And my
25   understanding is that you want me to appoint an attorney to

1  represent you.  Is that correct, sir?
2              THE DEFENDANT:  Yes, Your Honor.  I haven't even had
3  an opportunity to meet with or speak with a lawyer at all.
4              THE COURT:  Well, you don't have one yet.
5              THE DEFENDANT:  Okay.  Yes, ma'am.
6              THE COURT:  So I'll keep that in mind.
7              THE DEFENDANT:  Yes, ma'am.
8              THE COURT:  And we'll give you an opportunity to
9  talk to a lawyer.
10             THE DEFENDANT:  Yes, ma'am.
11             THE COURT:  Mr. Eiland, have you had an opportunity
12 to talk to Mr. Settle?
13             MR. EILAND:  No, Your Honor.
14             THE COURT:  I've got to get that financial affidavit
15 and it's going to take a few minutes.  Can you take the
16 opportunity then to just discuss what you need to with
17 Mr. Settle for today's preliminary hearings?
18             MR. EILAND:  Yes, ma'am.
19             THE COURT:  Okay.  Thank you.
20             (Only portions pertaining to this Defendant were
21             transcribed.)
22             THE COURT:  Let me go back on the record in the case
23 of Mr. Settle.
24     Mr. Settle, I think I now have a copy of your -- so
25 now --

1          THE DEFENDANT:  Your Honor, my financial affidavit
2   was left on the window sill.
3          THE COURT:  No, I have a copy.  I'm going to show it
4   to you now.  Does that look like your signature?
5          THE DEFENDANT:  Yes, ma'am.
6          THE COURT:  Did you fill it out and sign it?
7          THE DEFENDANT:  Yes, ma'am, I did.
8          THE COURT:  Do you swear or affirm that the
9   information in your financial affidavit is true?
10         THE DEFENDANT:  Yes, Your Honor.
11         THE COURT:  Based on your financial affidavit, I do
12  find that you qualify for the appointment of an attorney, and
13  I am going to appoint Mr. Eiland to represent you --
14         THE DEFENDANT:  Thank you.
15         THE COURT:  -- and give you an opportunity again to
16  meet with Mr. Eiland and discuss your case, the charges
17  against you, and how you wish to proceed before we go any
18  further in your case?
19         THE DEFENDANT:  Thank you, Your Honor.
20         (Only Portions pertaining to this Defendant were
21             transcribed.)
22         THE COURT:  So the Court, then, recalls Case
23  No. 3:21-MJ-51, United States of America versus Daniel Ray
24  Settle.
25         MR. BRIGGS:  Good afternoon, Your Honor.  Andrew

1  Briggs for the United States.
2           THE COURT:  Mr. Settle, have you had an opportunity
3  now to talk to Mr. Eiland, the attorney I appointed to
4  represent you?
5           THE DEFENDANT:  Yes, Your Honor.
6           THE COURT:  Did he also go over with you the
7  criminal complaint that charges you in this case?
8           THE DEFENDANT:  Yes, Your Honor.
9           THE COURT:  Do you read, write, and understand
10 English?
11          THE DEFENDANT:  Yes, ma'am.
12          THE COURT:  And do you understand what it is alleged
13 -- the law violation that is alleged in the criminal
14 complaint?
15          THE DEFENDANT:  Yes.
16          THE COURT:  Sir, because you're charged by criminal
17 complaint rather than by indictment at this stage of the case,
18 you have the right to a preliminary hearing.  That's a
19 probable cause hearing before a magistrate judge where the
20 Government would have to establish that there is probable
21 cause to believe that you committed the law violation in the
22 criminal complaint.  And in addition to that, the Government
23 has filed a motion for pretrial detention in your case asking
24 that you be kept in custody until the case is finally
25 concluded.  And you have the right to a hearing on their

1  detention motion as well.
2       In your case, sir, I have received both a waiver of the
3  detention hearing and a waiver of the preliminary hearing.
4  I'm showing you those two waivers now.
5            THE DEFENDANT:  Yes, Your Honor.
6            THE COURT:  It looks like you've signed the waivers.
7  Did you sign the waivers, sir?
8            THE DEFENDANT:  Yes, Your Honor.
9            THE COURT:  Before you signed the waiver of
10 preliminary hearing and the waiver of detention hearing, did
11 you discuss those waivers and your rights to a preliminary and
12 detention hearing with Mr. Eiland?
13           THE DEFENDANT:  Yes, Your Honor; very briefly.
14           THE COURT:  Do you know that you have the right to a
15 detention hearing and a preliminary hearing?
16           THE DEFENDANT:  Yes, Your Honor.
17           THE COURT:  And as I've explained to you, do you
18 know the purpose of those hearings?
19           THE DEFENDANT:  Yes, Your Honor.
20           THE COURT:  And do you understand that by waiving
21 your rights to those hearings, we're not going to have the
22 hearings, but I will order that you be detained and I will
23 make the probable cause finding?
24           THE DEFENDANT:  Yes, Your Honor.
25           THE COURT:  And do you want to waive your right to a

1  detention hearing and a preliminary hearing?
2          THE DEFENDANT: Yes, Your Honor.
3          THE COURT: Then, sir, I find that your waivers are
4  knowingly and voluntarily made, and so I am granting the
5  Government's motion for pretrial detention and ordering that
6  you be detained and I'm also finding probable cause to believe
7  that you committed the law violation alleged in the criminal
8  complaint.
9      Under the recently enacted Rule 5(f)(1) of the Federal
10 Rules of Criminal Procedure, the United States and its counsel
11 are ordered to comply with their discovery obligations--or
12 disclosure obligations, excuse me--under *Brady versus*
13 *Maryland*, 373 U.S. 83, 1963, and its progeny. Failing to do
14 so may result in the dismissal of charges, exclusion of
15 evidence, adverse jury instructions, contempt proceedings, and
16 other appropriate sanctions.
17     Is there anything else we should take up, then, in
18 Mr. Settle's case today?
19         MR. BRIGGS: Yes, Your Honor. The Government has
20 information to believe that the Defendant has been reaching
21 out to the named victim in the complaint. We would ask the
22 Court to admonish the Defendant that he not do so,
23 particularly as it relates to her potentiality as a witness in
24 this case.
25         THE COURT: Mr. Settle, you are ordered not to reach

Shawn M. McRoberts, RMR, CRR
Federal Official Court Reporter

1  out to or make any contact with the alleged victim in this
2  case.
3          MR. BRIGGS:  Thank you, Your Honor.
4          THE COURT:  I'm not saying it's true --
5          THE DEFENDANT:  Your Honor, there is no possible way
6  for someone -- for me to contact someone from jail that does
7  not want me to contact them.  There's no possible way.
8          THE COURT:  Whether the potential victim wants you
9  to contact her or not, you are ordered not to.  So just to be
10 clear, you are ordered not to make any contact --
11         THE DEFENDANT:  She's pregnant with my child.
12         THE COURT:  Sorry.  Nope.  Nope not while these
13 allegations are pending.
14    Anything else?
15         MR. BRIGGS:  No.  Thank you, Your Honor.
16         MR. EILAND:  Nothing with the Defense, Your Honor.
17         THE COURT:  Okay.  That concludes our hearing today,
18 and you are remanded to the custody of the U.S. Marshal.
19                  (End of hearing.)

```
1              I HEREBY CERTIFY THAT THE FOREGOING IS A

2         CORRECT TRANSCRIPT FROM THE RECORD OF

3         PROCEEDINGS IN THE ABOVE-ENTITLED MATTER.

4         I FURTHER CERTIFY THAT THE TRANSCRIPT FEES

5         FORMAT COMPLY WITH THOSE PRESCRIBED BY THE

6         COURT AND THE JUDICIAL CONFERENCE OF THE

7         UNITED STATES.

8

9         S/Shawn McRoberts              01/05/2023

10        _____DATE_____
          SHAWN McROBERTS, RMR, CRR
11        FEDERAL OFFICIAL COURT REPORTER

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```