IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | NO. 3:21-CR-0054-N |
| v. | |
| DANIEL REY SETTLE<br>a.k.a. "POLO" | |

**UNITED STATES' OPPOSITION TO DEFENDANT'S MOTION TO EXCLUDE TESTIMONY RELATED TO JUDGE TOLIVER'S ORAL ORDER**

The government opposes defendant Daniel Rey Settle's Motion to Exclude Testimony Related to Judge Toliver's Oral Order filed on September 25, 2023. (Dkt. 136.) As explained below, Judge Toliver was well-within her authority to admonish Settle to cease communicating with the named victim, Adult Victim 1 ("AV1), to protect AV1 and the sanctity of the proceedings. Further, contrary to Settle's assertions, testimony concerning Judge Toliver's admonition is not violative of Federal Rule of Evidence 605, nor would its probative value be substantially outweighed by a danger of unfair prejudice or misleading the jury, and Settle fails to show otherwise.

## BACKGROUND

**1.   Settle is arrested by Dallas County for Compelling Prostitution and Continuous Trafficking of Persons.**

On January 14, 2021, Dallas Police Department arrested Settle for Compelling Prostitution and Continuous Trafficking of Persons, and Settle was taken into Dallas County custody. On January 20, 2021, Magistrate Judge David L. Horan signed a federal criminal complaint and accompanying arrest warrant for Settle, alleging a violation of 18

U.S.C. § 1591(a) and (b)(1), Sex Trafficking Through Force, Fraud, or Coercion, naming AV1 as the victim. (Dkt. 4.)

On January 26, 2021, Settle was interviewed by Homeland Security Investigation Special Agent John Kochan. During the interview, Settle admitted to calling AV1 while he had been in custody. Settle's recorded jail calls during that time confirmed his admission—he had been communicating with AV1, recommending that AV1 "get away from everybody and everything for a while" and attempting to dissuade AV1 from going to a victim's shelter. (Dkt. 58-1 at 1.)

## 2.     Settle is arrested on the federal complaint and admonished by Judge Toliver to not communicate with AV1.

On February 1, 2021, Settle was arrested by SA Kochan on the federal criminal complaint. (Dkt. 4.) The same day Settle was arrested on the complaint—February 1, 2021—he made his initial appearance before Magistrate Judge Renee H. Toliver. (*Id.*) At the initial appearance, the government made the following request:

> The Government has information to believe that the Defendant has been reaching out to the named victim in the complaint. We would ask the Court to admonish the Defendant that he not do so[.]

(Dkt. 136, Ex. A, 11:19–23.) Judge Toliver responded: "Mr. Settle, you are ordered not to reach out to or make any contact with the alleged victim in this case" and "I'm not saying it's true." (*Id.* at 11:25; 12:1–2, 4.) Settle protested, to which Judge Toliver responded: "Whether the potential victim wants you to contact her or not, you are ordered not to. So just to be clear, you are ordered not to make any contact[.]" (*Id.* at 12:8–10.)

**Govt. Opp. to Def.'s Motion to Exclude Testimony re Judge Toliver's Oral Order—Page 2**

The next day, Settle was indicted on the charge in the complaint: violating 18 U.S.C. § 1591(a)(1) and (b)(1). (Dkt. 11 at 1.)

3. **Settle is again admonished to not communicate with AV1 and is charged with Obstruction and Obstruction of an Official Proceeding.**

On March 11, 2021, at Settle's request, the undersigned government attorneys and the investigating federal agents met with Settle and his court-appointed attorney, Anthony Eiland, at the US Attorney's Office in Dallas. During the meeting, both the undersigned government attorneys and the federal agents admonished Settle to cease communicating with AV1. Undeterred, Settle continued to communicate with AV1 and was charged with Obstruction, on May 4, 2021. (Dkt. 19.) Even after being charged with Obstruction, Settle continued to communicate with AV1, resulting in a series of superseding indictments. (Dkts. 29, 52, 79.) The Fourth Superseding Indictment alleges a violation of 18 U.S.C. § 1512(c)(2), Obstruction of an Official Proceeding. (Dkt. 79.)

## LEGAL STANDARD

1. **Court's Authority to Protect Victims**

Congress foresaw the need for and importance of protecting victims in criminal cases from harassment and intimidation. For instance, in Chapter 73 of Title 18—the same chapter in which the various obstruction statutes are found—Congress authorized courts to issue restraining and protective orders to prohibit harassment of victims. *See* 18 U.S.C. § 1514. Additionally, one of the enumerated permissible conditions of release in the Bail Reform Act is that a defendant "avoid all contact with an alleged victim of the

crime and with a potential witness who may testify concerning the offense." 18 U.S.C. § 3142(c)(1)(B)(v).

This is especially true for victims of sex trafficking crimes, where "means of force, threats of force, fraud, coercion" are the currency of the trafficker. Indeed, Congress even saw fit to include a stand-alone obstruction offense in the sex trafficking statute. *See* 18 U.S.C. § 1591(d) ("Whoever obstructs, attempts to obstruct, or in any way interferes with or prevents the enforcement of this section, shall be fined under this title, imprisoned for a term not to exceed 25 years, or both.").

Crime victims are also afforded additional rights under the Crime Victims' Rights Act ("CVRA"), including "the right to be reasonably protected from the accused." 18 U.S.C. § 3771(a)(1). The CVRA instructs that "[i]n any court proceeding involving an offense against a crime victim, the court shall ensure that the crime victim is afforded the rights described in subsection (a)." 18 U.S.C. § 3771(b)(1). And the CVRA mandates the same for "[o]fficers and employees of the Department of Justice." 18 U.S.C. § 3771(c)(1).

Finally, courts have inherent authority and discretion, limited by statute, to regulate the actions of trial participants "to orderly and expeditiously perform [the court's] duties," ensure a fair, orderly trial, and safeguard the administration of justice. *Newby v. Enron Corp.*, 302 F.3d 295, 302 (2002); *see also United States v. Carmichael*, 326 F.Supp.2d 1267, 1277 (M.D. Ala. 2004); *United States v. Noriega*, 917 F.2d 1543, 1547–48 (11th Cir. 1990); *Wheeler v. United States*, 640 F.2d 1116, 1123 (9th Cir. 1981).

**Govt. Opp. to Def.'s Motion to Exclude Testimony re Judge Toliver's Oral Order—Page 4**

2. **Federal Rule of Evidence 403**

"The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. "A district court has broad discretion in assessing admissibility under Rule 403." *United States v. O'Keefe*, 426 F.3d 274, 281 (5th Cir. 2005).

To prove a violation of 18 U.S.C. § 1512(c)(2), the government must prove:

*First*.   That the defendant did or attempted to obstruct, influence, or impede any official proceeding; and

*Second*.  That the defendant acted corruptly.

18 U.S.C. § 1512(c)(2); Seventh Circuit Pattern Jury Instruction (Crim.) (2022).

An act is done "corruptly" if "the defendant acted knowingly and dishonestly with the specific intent to subvert or undermine the due administration of justice." *See* Fifth Pattern Jury Instruction (Crim.) 2.64 (2019). "Such intent can be proven with circumstantial evidence alone." *United States v. Delgado*, 984 F.3d 435, 452 (5th Cir. 2021) (internal quotations and citations omitted). And, "an obstruction of justice conviction requires some 'nexus' between the obstructive act and some official government proceeding." *Id.* (quoting *United States v. Sampson*, 741 F.3d 539, 552 (5th Cir. 2014).

3.      **Federal Rule of Evidence 605**

"The *presiding* judge may not testify as a witness at the trial." Fed. R. Evid. 605 (emphasis added). Courts have interpreted Rule 605 as prohibiting "a presiding district court judge from testifying at trial as a witness or engaging in equivalent conduct." *United States v. Blanchard*, 542 F.3d 1133, 1148 (2d Cir. 2008); *United States v. Sanchez-Garcia*, 461 F.3d 939, 948 (8th Cir. 2006).

## ARGUMENT AND AUTHORITIES

1.      **Judge Toliver was well-within her authority to admonish Settle to not communicate with AV1.**

Contrary to Settle's assertion, Judge Toliver's February 1, 2021 admonishment was sound and supported by well-trodden statutory paths and the Court's inherent authority to control its proceedings. *See* 18 U.S.C. § 3142 and 18 U.S.C. § 3771. Further, Judge Toliver's admonishment did not come without a representation by the government that Settle had been reaching out to the named victim in the complaint.

Notwithstanding, the government agrees with Settle (Dkt. 136 at 2), that Judge Toliver's plain language appears to have imposed a verbal court order—not merely an admonishment—to not communicate with AV1 and that a written order to that effect never issued. Accordingly, in the testimony that the government plans to elicit regarding Judge Toliver's admonishment, it will refer to it as that—an admonishment—and not an order. But as discussed further below, Settle is not charged with contempt of court or violation of a court order. Instead, Settle stands charged with Obstruction of an Official

Proceeding, and that Settle was previously admonished by Judge Toliver to not communicate with AV1 is relevant and probative to Settle's knowledge and intent.

Further, the government agrees with Settle (Dkt. 136 at 2), that had Judge Toliver's verbal order resulted in the issuance of a protective order, pursuant to 18 U.S.C. § 1514(b), he should have been entitled to a hearing to determine whether "evidence that harassment of an identified victim or witness in a Federal criminal case or investigation exists or that such order is necessary to prevent and restrain an offense under section 1512 of this title[.]" 18 U.S.C. § 1514 (b)(1). But, Judge Toliver's order was not a protective order issued pursuant to Section 1514. It was instead a valid exercise of the Court's inherent power to protect witnesses and victims in order to safeguard the administration of justice. *See Wheeler*, 640 F.2d at 1123 (recognizing the court's inherent power to protect witnesses in order to preserve the administration of justice and guard against abuses, oppression, and injustice) (cleaned up). Even assuming that Judge Toliver's admonishment was a duly-issued Section 1514(b) protective order, Settle's proposed remedy is misplaced. Instead of exclusion of testimony regarding Judge Toliver's admonition, Settle's remedy would be a hearing on the merits of the order.

2. **Testimony regarding Judge Toliver's admonishment is not violative of Federal Rule of Evidence 605 because Judge Toliver is not the "presiding judge."**

Rule 605, by its own terms, does not bar the government from introducing Judge Toliver's admonishment to not contact the victim. Indeed, the Rule 605 states that "[t]he *presiding* judge may not testify as a witness at the trial." (emphasis added). And courts have interpreted Rule 605 as prohibiting "a presiding district court judge from testifying

at trial as a witness or engaging in equivalent conduct." *Blanchard*, 542 F.3d at 1148; *see also Sanchez-Garcia*, 461 F.3d at 948. Here, Judge Toliver is not the presiding district court judge over Settle's trial, nor does the government intend to call Judge Toliver as a witness. Instead, the government intends to elicit this evidence through Homeland Security Investigations Special Agent John Perez, who was present for the hearing. As such, Rule 605 does not prohibit the government from introducing Judge Toliver's admonishment of Settle.

3. **Testimony regarding Judge Toliver's admonishment is relevant, probative, and not unfairly prejudicial.**

Settle asserts that testimony regarding Judge Toliver's admonishment would "certainly violate Federal Rule of 403," but sets forth scant balancing or analysis that a Rule 403 inquiry requires. (Dkt. 136 at 3.) Instead, Settle erroneously argues that testimony regarding Judge Toliver's admonishment would lead jurors down an ill-fated path of "surmis[ing]," including that jurors would conclude that "Judge Toliver believed that Settle was guilty of sex trafficking." (Dkt. 136 at 3.) Such argument demonstrates a "lack of faith in the jury's capacity to follow instructions," which as another Court in this district found, "is contrary both to this court's experience and to precedent." *United States v. USPlabs, LLC et al.*, No. 3:14-CR-496-L, 2018 WL 5831478, at *10 (N.D. Tex. Nov. 7, 2018) (Lindsay, J.); *see also id.* ("**[W]e adhere to the crucial assumption underlying our constitutional system of trial by jury that jurors carefully follow instructions**.") (quoting *Francis v. Franklin*, 471 U.S. 307, 324 n.9 (1985) (citations

omitted) (emphasis in original); *United States v. Bullock*, 71 F.3d 171, 175 (5th Cir. 1995) ("[J]uries are presumed to follow their instructions.").

Further, the probative value of the proposed testimony substantially outweighs any unfair prejudice. Here, the government must prove that Settle corruptly obstructed, influenced, or impeded any official proceeding or attempted to do so. 18 U.S.C. § 1512(c)(2). Doing so requires proof of a "nexus" between the obstructive act and some official proceeding. *Delgado*, 935 F.3d at 452. It also requires proving that Settle contemplated "some particular official proceeding that he intends his conduct would impede or obstruct." *Id*. Finally, the government must prove that Settle acted with corrupt intent—that he acted "knowingly and dishonestly, with specific intent to subvert or undermine the due administration of justice." *Id*.

Judge Toliver's admonition to Settle to not contact the victim provides substantial probative value that outweighs any prejudice. First, it shows a nexus between Settle's obstructive acts and the official proceeding against him. Second, it demonstrates that Settle had a "particular official proceeding" in mind when he engaged in his obstruction. Third, and finally, it shows that Settle acted corruptly *i.e.,* knowingly and dishonestly.

Of course, "all probative evidence is by its very nature prejudicial." *United States v. Powers*, 168 F.3d 741, 749 (5th Cir. 1999). But here, Settle cannot prove that any prejudice outweighs—much less *substantially* outweighs—the highly probative value of Judge Toliver's admonishment. *See United States v. El-Mezain*, 664 F.3d 467, 508 (5th Cir. 2011).

## CONCLUSION

As demonstrated above, testimony regarding Judge Toliver's admonition is relevant, probative, not unfairly prejudicial, and not precluded by Rule 605. Therefore, the government respectfully requests that the Court deny Settle's Motion to Exclude Testimony Related to Judge Toliver's Oral Order.

    Respectfully submitted,

    LEIGHA SIMONTON
    UNITED STATES ATTORNEY

    */s/ Andrew J. Briggs*
    Myria Boehm
    Texas State Bar No. 24069949
    Andrew J. Briggs
    California State Bar No. 294224
    Assistant United States Attorneys
    1100 Commerce Street, Third Floor
    Dallas, Texas 75242-1699
    Telephone: 214-659-8600
    Facsimile: 214-659-8800
    Email: andrew.briggs@usdoj.gov

## CERTIFICATE OF SERVICE

      I hereby certify that on October 5, 2023, I electronically filed the foregoing document with the clerk for the United States District Court, Northern District of Texas, using the electronic case filing system of the court.  The electronic case filing system will send a "Notice of Electronic Filing" to the attorney of record who has consented in writing to accept this Notice as service of this document by electronic means.

                                            */s/ Andrew J. Briggs*
                                            Andrew J. Briggs
                                            Assistant United States Attorney